UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **LIONEL NIMA NGAPEY,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | No. 1:24-cv-00127-NT |
| ) | |
| **LAW SCHOOL ADMISSION** ) | |
| **COUNCIL et al.,** ) | |
| ) | |
| **Defendants** ) | |

**RECOMMENDED DECISION ON MOTIONS TO DISMISS**

Lionel Nima Ngapey, proceeding pro se, filed this action in state court against the Law School Admission Council and the American Association of Collegiate Registrars and Admissions Officers alleging that they unlawfully discriminated against him. *See* Complaint (ECF No. 1-1). The case was removed to this court, *see* ECF No. 1, and then each defendant separately moved to dismiss Ngapey's complaint for failure to state a claim, *see* ECF Nos. 6, 10; Fed. R. Civ. P. 12(b)(6). Ngapey did not file a response to either motion to dismiss.

The First Circuit has made it clear that "it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity." *Pomerleau v. W. Springfield Pub. Schs.*, 362 F.3d 143, 145 (1st Cir. 2004). "Where a local rule expressly requires a response to a motion, the non-moving party is placed on notice that failure to respond could result in a procedural default." *Id.*

Local Rule 7(b) requires a party to file a written objection to a contested motion within twenty-one days, failing which the party is "deemed to have waived objection." "This applies to

1

pre-trial motions, including motions filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)." *Harriman v. Bolduc*, No. 1:22-cv-00264-JDL, 2023 WL 2162809, at *2 (D. Me. Feb. 22, 2023).

Ngapey did not file written objections to the defendants' motions to dismiss, and he was not excused from doing so based on his pro se status.[1] *See Heather S. v. Berryhill*, No. 1:18-cv-00178-JAW, 2018 WL 4781169, at *1 (D. Me. Oct. 3, 2018) (rec. dec.) ("While pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with . . . the Federal Rules of Civil Procedure and the Court's Local Rules." (cleaned up)), *aff'd*, ECF No. 20 (D. Me. Mar. 13, 2019); *Harriman*, 2023 WL 2162809, at *1-2 (holding that a pro se plaintiff waived any opposition to a motion to dismiss by failing to file a timely response). Accordingly, Ngapey has waived any objection to the defendants' motions to dismiss, and, on that basis, I recommend that the court **GRANT** the motions and **DISMISS** Ngapey's complaint.

### *NOTICE*

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.

Dated: July 1, 2024

/s/ David M. Cohen
United States Magistrate Judge

---

[1] Interestingly, Ngapey filed a notice of change of address after the time for opposing the motions to dismiss expired. *See* ECF No. 12.

2